By the Court.—Monell, J.
It is understood that *20 the evidence offered "by the defendants was excluded on the ground, that, as it tended to contradict or vary the legal effect of the written contract, it was incompetent; and the respondents’ counsel seeks to sustain the judgment on that ground alone.
The general principle that parol evidence is incompetent to alter a written contract, has, however, a few exceptions ; and among the exceptions, is the right of a party to the contract to inquire into its consideration. Hence it may always "be shown, as between the parties, that there was no original consideration, or that the original consideration has since wholly failed. This exception more especially embraces promissory notes and other commercial paper.
The facts alleged in the answer, therefore, may be regarded as averring a total failure of the consideration of the note, and the evidence offered to establish such facts was competent.
But I think the evidence was also competent to sustain the defence of payment.
The transaction seems to have been this: Sickles deposited the money with the defendants, with directions to pay it to the plaintiffs, if they required and demanded it; and if not by them demanded, to pay the same to him, Sickles, on his return from a contemplated absence. Only a small portion of the money was demanded by the plaintiffs, and the balance was paid to Sickles, upon his return.
This arrangement, at most, constituted the plaintiffs the authorized receivers of the money, and as such, the agents of the depositor, Sickles. But such agency was revocable at pleasure. The taking of the defendants’ note as a voucher for the loan, and having it drawn payable to the plaintiffs, did not change the legal effect of the transaction, or confer upon them any other or further right to the money than to receive it as the agents of Sickles. Had they received it, the defendants *21 would have "been discharged from their obligation ; but not having received it, it was competent for Sickles to revoke the authority, and payment to him was payment of the note.
It does not now appear that the plaintiffs sustained any other relation to the note, than that of mere agents. No cpnsideration whatever moved from them, and unless either as a gift inter vivor, or in some other way, they got a title to the note, so as not to be affected by the prior agreement of Sickles, they cannot avoid the payment to him.
For these reasons we think the evidence should have been let in. There must, therefore, be a new trial.
Judgment and order reversed, and a new trial ordered with costs to the appellants to abide the event.